IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-25-72-D |
| JAMES ALVIN HUDSON and KAYLA LABRAE MELTON, | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Before the Court is the Fifth Joint Unopposed Motion to Continue Jury Trial [Doc. No. 72]. Defendants seek a continuance of their trial from the February 2026, to the April 2026, trial docket. Defendant Kayla Labrae Melton has submitted a waiver of speedy trial [Doc. No. 76], acknowledging her rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.[1]

Upon consideration of the motion and the case record, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the motion that denying Defendants' request would deprive them of a reasonable amount of time needed

---

[1] Defendant James Alvin Hudson has not yet submitted a waiver of speedy trial. Defense counsel represents to the Court that Defendant Hudson is currently in the custody of the U.S. Marshal in Tennessee and it is unclear when Mr. Hudson will be transported to this district and, thus, when counsel will be able to meet with him.

for effective investigation, motion practice, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the motion would likely deprive Defendants of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from February 10, 2026, to April 14, 2026, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the Fifth Joint Unopposed Motion to Continue Jury Trial [Doc. No. 72] is **GRANTED**. This case is stricken from the February 10, 2026, trial docket and reset on the Court's April 14, 2026, trial docket. The parties shall file all pretrial motions on or before March 17, 2026, and all other pretrial filings shall be submitted in accordance with the Court's Local Criminal Rules.

**IT IS FURTHER ORDERED** that Defendant James Alvin Hudson shall file a waiver of speedy trial within 14 days of this Order.

**IT IS SO ORDERED** this 9th day of February, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge