# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-72-D |
| | ) | |
| JAMES ALVIN HUDSON and KAYLA | ) | |
| LABRAE MELTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant's Joint Unopposed Motion to Continue [Doc. No. 97]. Defendants seek a continuance of their trial from the April 2026, trial docket, to the May 2026, trial docket. Defendants have each submitted a waiver of speedy trial [Doc. Nos. 98, 99], acknowledging their rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.

Upon consideration of the motion and the case record, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the motion that denying Defendants' request would deprive them of a reasonable amount of time needed for effective investigation, motion practice, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the

motion would likely deprive Defendants of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from April 14, 2026, to May 12, 2026, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Defendant's Joint Unopposed Motion to Continue [Doc. No. 97] is **GRANTED**. This case is stricken from the April 14, 2026, trial docket and reset on the Court's May 12, 2026, trial docket. The parties shall file all pretrial motions on or before April 20, 2026, and all other pretrial filings shall be submitted in accordance with the Court's Local Criminal Rules. This case is stricken from the Docket Call on April 8, 2026, to be reset, if necessary.

**IT IS SO ORDERED** this 7th day of April, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

2