**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-72-D |
| | ) | |
| JAMES ALVIN HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Unopposed Motion to Continue Pretrial Conference, Deadlines, and Trial Docket [Doc. No. 105]. Defendant requests a continuance of his jury trial from May 12, 2026, to the June 9, 2026, jury trial docket, and an extension of the deadline to file pretrial motions until May 15, 2026. Defendant has submitted a waiver of speedy trial [Doc. No. 105-1], acknowledging his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.

Upon consideration of the motion and the case record, the Court finds that the ends of justice served by granting a one-month continuance outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the motion that denying Defendant's request would deprive him of a reasonable amount of time needed for effective investigation, motion practice, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence

1

by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the motion would likely deprive Defendant of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from May 12, 2026, to June 9, 2026, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the Unopposed Motion to Continue Pretrial Conference, Deadlines, and Trial Docket [Doc. No. 105] is **GRANTED**. This case is stricken from the May 12, 2026, trial docket and reset on the Court's June 9, 2026, trial docket. The parties shall file all pretrial motions on or before May 15, 2026, and all other pretrial filings shall be submitted in accordance with the Court's Local Criminal Rules. This case is stricken from the Docket Call on May 1, 2026, to be reset if necessary.

**IT IS SO ORDERED** this 30th day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

2